IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IDELISA GARCÍA-LUMBANO,<br><br>**Plaintiff**,<br><br>v.<br><br>MARSH SALDAÑA, INC. D/B/A MARSH MCLENNAN AND/OR MARSH; ABC INSURANCE COMPANY, INC.,<br><br>**Defendant**. | CIVIL NO. 25-1031 (RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

On December 20, 2024, Plaintiff Idelisa García-Lumbano ("Plaintiff" or "García") filed a *Complaint* in the Puerto Rico Court of First Instance against Marsh Saldaña, Inc. ("Marsh" or "Defendant") alleging age discrimination and unjust dismissal under Puerto Rico Law. Docket No. 8-1. Specifically, Plaintiff raised claims under Puerto Rico's Unjust Discharge Act, Law No. 80 of May 30, 1976, P.R. Laws Ann. tit. 29 §§ 185a, et seq. ("Law 80") and Puerto Rico's general anti-discrimination statute, Law No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29 §§ 146, et seq. ("Law 100"). Id. Plaintiff also invoked Puerto Rico Law No. 2 of October 17, 1961, P.R. Laws Ann. tit. 32 § 3118, which provides an expedited procedure for Puerto Rico law employment claims. Id. ¶ 1. In her *Complaint*, García identified specific damages she allegedly suffered as a result of

Defendant's actions and claims that after her termination, Marsh did not provide her with six (6) months of health insurance benefits as required by the Consolidated Omnibus Budget Reconciliation Act (COBRA). Id. ¶ 19.

On January 16, 2025, Defendant filed a *Notice of Removal* asserting that because Plaintiff seeks medical benefits under COBRA, the case can be removed pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441 (a) and 28 U.S.C. §1367 for including a claim arising under a federal law of the United States. Docket No. 1 ¶¶ 5-7, 11. On January 22, 2025, Plaintiff filed the pending *Motion for Voluntary Dismissal with Prejudice of COBRA Claim and Motion to Remand Case to State Court* ("*Motion*"). (Docket No. 12). Therein, Plaintiff requests that the Court: (a) dismiss her claims under COBRA, *i.e.*, the only federal law claims in the *Complaint*; and (b) remand the case to the court of origin given the voluntary dismissal of her federal claims. Id.

Having reviewed the record, the Court hereby **GRANTS** Plaintiff's request to dismiss her COBRA claims pursuant to rule 41(a)(2). Therefore, only Puerto Rico law claims remain pending. The Supreme Court has recently held that when, as here, "the plaintiff **eliminates the federal-law claims that enabled removal**, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, **the court loses as well its supplemental**

---

**jurisdiction over the state claims**." <u>Royal Canin U. S. A., Inc. v. Wullschleger</u>, No. 23-677, 2025 WL 96212, at *5 (U.S. Jan. 15, 2025). Therefore, given Plaintiff's voluntary dismissal of her federal law claims, **the Court no longer has jurisdiction** over the remaining Puerto Rico law claims, and remand is proper.

The Court hereby **GRANTS** Plaintiff's *Motion* at Docket No. 12 and **ORDERS** that the case be remanded to the Puerto Rico Court of First Instance, Caguas Superior Part, case caption and number: <u>Idelisa García Lumbano v. Marsh Saldaña, Inc. h/n/c/ Marsh Mclennan y/o Marsh; Compañía Aseguradora ABC, Inc.</u>, Civil No. CG2024CV04638.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 24th day of January 2025.

<u>S/ Raúl M. ARIAS-MARXUACH</u>
United States District Judge